UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1: 19-cv-61007-JIC – Cohn/Seltzer

RYAN TURIZO,                                                      CLASS ACTION
individually and on behalf of all others similarly
situated,

        Plaintiff,
v.

CERTIFIED ASSOCIATES, LLC  d/b/a
CERTIFIED MARIJUANA DOCTORS.COM

        Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, CERTIFIED ASSOCIATES, LLC d/b/a CERTIFIED MARIJUANA DOCTORS.COM ("MJD"), files its Answer and Affirmative Defenses in response to the Class Action Complaint ("Complaint") of Plaintiff RYAN TURIZO ("Plaintiff"), individually and on behalf of others similarly situated.

**ANSWER**

**NATURE OF THE ACTION**

1.    MJD admits that this is a putative class action under the Telephone Consumer Protection Act ("TCPA"), and denies that Plaintiff or the putative class is entitled to any redress or relief under the TCPA.

2.    MJD admits the truth of the allegations contained in Paragraph 2 of the Complaint.

3.    MJD denies the truth of the allegations contained in Paragraph 3 of the Complaint.

4. MJD denies the truth of the allegations contained in Paragraph 4 of the Complaint.

5. MJD denies the truth of the allegations contained in Paragraph 5 of the Complaint.

6. MJD admits that Plaintiff seeks relief for alleged violations of the TCPA, and denies that Plaintiff is entitled to any relief sought in Paragraph 6 of the Complaint and denies that its conduct violated the TCPA.

## JURISDICTION AND VENUE

7. MJD admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331, and denies the remaining assertions of jurisdiction contained in Paragraph 7 of the Complaint.

8. MJD denies the truth of the allegations contained in Paragraph 8 of the Complaint.

## PARTIES

9. MJD denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. MJD admits the truth of the allegations contained in Paragraph 8 of the Complaint.

## THE TCPA

11. Paragraph 11 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 11 of the Complaint

12. Paragraph 12 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, MJD denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in

Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 31 of the Complaint.

## BACKGROUND FACTS

32. MJD denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. MJD denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 34 of the Complaint.

35. MJD denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

5

36. MJD denies the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 37 of the Complaint.

38. MJD denies the truth of the allegations contained in Paragraph 38 of the Complaint.

39. MJD denies the truth of the allegations contained in Paragraph 39 of the Complaint.

## CLASS ALLEGATIONS

### PROPOSED CLASS

40. MJD admits that Plaintiff purports to bring this case as a class action but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief.

41. MJD admits that Plaintiff purports to bring this case on behalf of the Class defined in Paragraph 41 of the Complaint but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief.

42. Paragraph 42 of the Complaint requires no response, but to the extent a response is required, MJD denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

### NUMEROSITY

43. MJD denies the truth of the allegations contained in Paragraph 43 of the Complaint.

44. MJD denies the truth of the allegations contained in Paragraph 44 of the Complaint.

## COMMON QUESTIONS OF LAW AND FACT

45. Paragraph 45 of the Complaint, and the subparts therein, states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 45 of the Complaint, and all of its subparts.

46. Paragraph 46 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 46 of the Complaint.

## TYPICALITY

47. Paragraph 47 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 47 of the Complaint.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

48. Paragraph 48 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 48 of the Complaint.

## SUPERIORITY

49. Paragraph 49 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in

Paragraph 50 of the Complaint.

## Count I

51. MJD re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

52. Paragraph 52 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 53 of the Complaint.

54. MJD denies the truth of the allegations contained in Paragraph 54 of the Complaint.

55. MJD denies the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 57 of the Complaint.

58. MJD denies the truth of the allegations contained in Paragraph 58 of the Complaint, and denies that Plaintiff or putative class members are entitled to any relief requested therein.

**Count II**

59. MJD re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

60. MJD denies the truth of the allegations contained in Paragraph 60 of the Complaint and denies that its conduct violated the TCPA.

61. MJD denies the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, MJD denies the allegations contained in Paragraph 63 of the Complaint.

64. MJD denies the truth of the allegations contained in Paragraph 64 of the Complaint, and denies that Plaintiff or putative class members are entitled to any relief requested therein.

65. Answering the unnumbered paragraphs including Plaintiff's prayer for relief and its paragraphs "a." through "e.", MJD denies that Plaintiff is entitled to the relief sought.

66. MJD denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment.  The elements of Rule 23(a) and (b) cannot be met, and the proposed class is a fail-safe class not capable of certification.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and class members' prior express written consent to receive solicitations on their cellular and/or telephone numbers.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands.  Plaintiff solicited and/or encouraged the alleged calls described in his Complaint, and knowingly consented to receiving such calls.  Upon information and belief, Plaintiff's actions were for the purpose of generating a lawsuit against MJD and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' damages, if any, and none being admitted, were

not caused by MJD, but by another person or entity, including Plaintiff and putative class members, for whom MJD is not responsible and over whose activities MJD exercises no control and/or has no right to control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing.

### EIGHTH AFFIRMATIVE DEFENSE

MJD complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by MJD's compliance with all applicable State, Federal, and local laws and regulations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates MJD's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on MJD of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of MJD's constitutional rights under the Due Process provisions of the United Statutes Constitution

and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### ELEVENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

### FOURTEENTH AFFIRMATIVE DEFENSE

MJD states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to

avoid such error and ensure MJD's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, MJD raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because MJD did not use an automatic telephone dialing system as defined under the TCPA and no automatic telephone dialing system was used to contact Plaintiff or putative class members.

### SIXTEENTH AFFIRMATIVE DEFENSE

MJD states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

MJD asserts that Plaintiff has not alleged any plausible facts to establish that MJD has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff premises liability upon a special relationship between MJD and the actual entity or entities that allegedly called Plaintiff – which Plaintiff has not alleged – Plaintiff's claims against MJD would be barred because no facts support any theory of vicarious liability against MJD for acts of third parties outside the scope of their actual or apparent authority and Plaintiff has not conferred any benefit on MJD that could be deemed a ratification

of alleged acts of third parties outside the scope of authority.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's fraud upon Defendant and upon this Court. Specifically, On February 4, 2019, Plaintiff called MJD twice from is cellular telephone number ending with the last four digits 7820 ("Cell Phone").  During these two calls on February 4, 2019, Plaintiff expressed interest in MJD's services and requested additional information via text message to his Cell Phone.  Prior to February 4, 2019, MJD had never contacted Plaintiff and did not have any record of the Cell Phone in MJD's call or text history.  Plaintiff's consent to receive text messages from MJD, and verbal expression of interest in MJD's services, were false statements concerning a material fact because Plaintiff knew he did not want to actually receive the text messages her now complains of.  Plaintiff continues his misrepresentations by now falsely claiming those text messages were "unsolicited".  Plaintiff knew that his representations were false and intended MJD to rely upon the false statements and subsequently text the Cell Phone so that Plaintiff could bring a lawsuit against MJD for alleged violations of the TCPA. MJD relied on Plaintiff's false representations and added Plaintiff to its business contacts and texted Plaintiff's Cell Phone, completely legally.  MJD has been injured by its reliance on Plaintiff's false statements in a number of ways, including but not limited to the costs incurred in texting the Cell Phone; the time and business opportunities lost by MJD, and wages paid to employee(s) to text Plaintiff; the costs and fees incurred in paying to defend against Plaintiff's manufactured lawsuit; andthe reputational harm of being publicly sued and falsely accused of violating the TCPA.

WHEREFORE, CERTIFIED ASSOCIATES, LLC d/b/a CERTIFIED MARIJUANA DOCTORS.COM ("MJD") requests that this Court enter judgment against Plaintiff and in favor of MJD, dismiss this action with prejudice, deny Plaintiff's request for class certification, award MJD its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED:  May 30, 2019                              Respectfully submitted,

                By:     */s/ Jeffrey A. Backman*
                       JEFFREY A. BACKMAN
                       Florida Bar No. 662501
                       Gregg I. Strock
                       Florida Bar No. 1010140
                       GREENSPOON MARDER LLP
                       200 E. Broward Blvd., Suite 1800
                       Ft. Lauderdale, FL  33301
                       (954) 491-1120
                       jeffrey.backman@gmlaw.com
                       khia.joseph@gmlaw.com
                       gregg.strock@gmlaw.com
                       cheryl.cochran@gmlaw.com

                       *Attorneys for Certified Associates, LLC*
                       *d/b/a Certified Marijuana Doctors.com*